UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JALEEZA D. PARHAM,

                Plaintiff,

CASE NO. 14-cv-14225
HONORABLE GEORGE CARAM STEEH

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DOC. #18),
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #19),
DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (DOC. #15), GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC. #16) AND DISMISSING CASE

This matter is before the court on the parties' cross-motions for summary judgment. Plaintiff Jaleeza Parham appeals from the final decision of the defendant Commissioner of Social Security denying her application for Supplemental Security Income. Parham alleges that, since January 1, 2010, she has been disabled due to a multitude of psychiatric disorders affecting her ability to concentrate and complete daily tasks. The matter was referred to Magistrate Judge Steven Whalen for issuance of a Report and Recommendation. The magistrate judge recommends that Parham's motion for summary judgment be denied, that the Commissioner's motion for summary judgment be granted, and that the findings of the Commissioner be affirmed. Parham has filed objections to the magistrate judge's report and recommendation. For the reasons that follow, the report and recommendation will be accepted, Parham's

objections will be overruled and her motion for summary judgment denied, and the Commissioner's motion for summary judgment will be granted.

## I. BACKGROUND

The parties do not challenge the magistrate judge's recitation of the facts. Rather than repeat the facts, the court adopts and incorporates by reference the facts outlined in the magistrate judge's report and recommendation. *See* (Doc. #18 at 1–9).

## II. LEGAL STANDARDS

### A. Review of Commissioner's Decision

An individual may obtain review of any final decision made after a hearing by the Commissioner of Social Security by filing an action in federal district court. 42 U.S.C. § 405(g). The court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *Id.* Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The Commissioner's decision must be affirmed if the decision is supported by substantial evidence in the record and the Commissioner applied the correct legal standard. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

### B. Review of Magistrate Judge's Report and Recommendation

A party may file timely written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

III. DISCUSSION

Parham raises two objections to the magistrate judge's report and recommendation. First, Parham argues that the magistrate judge and ALJ incorrectly rejected an opinion from Parham's treating psychiatrist, Dr. Rao. In her initial treatment with Dr. Rao in May of 2012, Dr. Rao noted that Parham was friendly, talkative, and free of any "suicidal ideation symptoms of depression, mood wings, or impulsive behavior." By February 2013, however, Dr. Rao had opined that Parham was unable to understand and remember instructions, perform activities within a schedule, maintain regular attendance, sustain an ordinary routine without special supervision, complete a normal work day without interruption, or get along with co-workers and peers without distracting them. The ALJ rejected Dr. Rao's February 2013 opinion as inconsistent with Dr. Rao's prior opinions, particularly the May 2012 medical note.

Parham argues that the ALJ and the magistrate judge erred because they failed to consider the time period between May 2012 and February 2013 when her condition allegedly worsened. The court disagrees. The magistrate judge explained that the ALJ's rejection of Dr. Rao's February 2013 opinion is based on substantial evidence because: (1) Dr. Rao's September and November 2012 notes show that Parham denied mood swings, had a logical thought process, and reported good results from her medication; (2) non-examining physician Dr. Strait found that Parham retained the ability to perform simple, routine work, consistent with Dr. Rao's opinions prior to February 2013; and (3) Dr. Rao observed in February 2013 that Parham was friendly and talkative. The magistrate judge is correct in concluding that the ALJ's decision rejecting Dr. Rao's February 2013 opinion is based on substantial evidence. Although there may also be evidence supporting

Parham's position (one particular medication was not helping her anxiety anymore and she had housing problems because of failure to get along with family), "[s]ubstantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993). Here, a reasonable mind could accept the record evidence as contradicting Dr. Rao's February 2013 opinion.

Moreover, as the Commissioner points out in responding to Parham's objections, Parham did not object to the ALJ's residual functional capacity ("RFC") finding. The ALJ's RFC finding determined that Parham had moderate restrictions in concentration, persistence and pace, and was therefore limited to simple and routine tasks where she could be off task for a portion of the workday. Parham's failure to challenge the ALJ's RFC finding undermines her argument that acceptance of Dr. Rao's February 2013 opinion would change the result.

Ultimately, in reaching the conclusion that Parham is not disabled, the ALJ properly discounted part of Dr. Rao's opinion. An opinion of a treating physician is entitled to deference unless it is inconsistent with the other substantial evidence in the record, *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009), or there are "good reasons" to reject the treating physician's opinion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). As explained above, the ALJ provided good reasons for rejecting this portion of Dr. Rao's report.

Second, Parham argues that the magistrate judge erred in the way he characterized the opinions of Parham's treating health treatment case manager, Kathryn MacKinnon. MacKinnon opined that Parham was "unable to be around other people due to social

anxiety" and "severe mood wings," and that Parham had verbal and physical aggression, agitation, and poor stress management skills. Parham concedes that MacKinnon is not an "acceptable medical source," and, therefore pursuant to 20 C.F.R §§ 404.1502 and 404.1513(d)(1), her opinion was not entitled to controlling weight. In recommending affirming of the ALJ's decision, the magistrate judge concluded that MacKinnon's opinion was contradicted by Parham's testimony and the medical evidence of record.

Parham argues that the evidence in the record does not contradict MacKinnon's opinion. She points to the fact that, although there has been some reduction in her depression with counseling, she is unable to leave her house or take care of her personal needs five-to-six days per month.

Like the rejection of Dr. Rao's February 2013 opinion, the court finds substantial evidence supports the ALJ's explanation that MacKinnon's opinion was undermined by the evidence in the record. As the magistrate judge explained, Parham testified that she did not have problems reading, writing or doing calculations, in contradiction with MacKinnon's opinion. In addition, Parham denied feelings of depression. Moreover, multiple medical records during the period of alleged disability show that Parham denied mood swings. As explained, although there may be evidence in the record supporting Parham's position that she is disabled, substantial evidence exists to support the ALJ's rejection of MacKinnon's opinion. *Casey*, 987 F.2d at 1233. And as explained above, Parham has not challenged the ALJ's RFC finding, undermining her argument that the rejection of MacKinnon's opinion would have changed the ultimate decision of the ALJ that Parham is not disabled.

IV. CONCLUSION

For the reasons explained above, the Court ACCEPTS the magistrate judge's report and recommendation (Doc. #18), OVERRULES Parham's objections (Doc. #19), DENIES Parham's motion for summary judgment (Doc. #15), GRANTS the Commissioner's motion for summary judgment (Doc. #16) and DISMISSES this case.

IT IS SO ORDERED.

Dated: January 4, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 4, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---